# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHARLES LEE GILLENWATER, <br><br> Plaintiff, <br><br> v. <br><br> SENIOR JUDGE LONNY R. SUKO, and U.S. ATTORNEY TIMOTHY OHMS, <br><br> Defendants. | NO: 2:17-CV-0179-TOR <br><br> ORDER OF DISMISSAL WITH PREJUDICE |

BEFORE THE COURT are Plaintiff's Complaint and Application to Proceed *In Forma Pauperis*. ECF Nos. 1, 2. Plaintiff frivolously and maliciously complains that the defendants, acting in their official governmental capacities, suspended his privilege of the writ of habeas corpus.

28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *Lopez v. Smith*, 203 F.3d 1122, 1126–

ORDER OF DISMISSAL WITH PREJUDICE ~ 1

27 (9th Cir. 2000) (en banc). Plaintiff's claims against Senior Judge Suko are barred by absolute judicial immunity. *See Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1388-94 (9th Cir. 1987) (noting that "[j]udges are absolutely immune from civil liability for damages in their judicial acts" and judicial immunity for federal officers "extends to actions for declaratory, injunctive, and other equitable relief"). Likewise, "[p]rosecutors are absolutely immune for quasi-judicial activities taken within the scope of their authority." *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (even an allegation that a "conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors.").

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one, and good faith is demonstrated when an individual "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. This action is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) as it is frivolous and malicious, fails to state a claim on which relief may be granted and seeks monetary relief against defendants who are immune from such relief.

2. Plaintiff's Application to Proceed In Forma Pauperis (ECF No. 2) is **DENIED** as moot.

3. Plaintiff is advised that the filing of further frivolous actions will result in the imposition of more serious sanctions than dismissal.

The District Court Executive is directed to enter this Order, enter judgment of dismissal with prejudice, forward a copy to Plaintiff, and **CLOSE** the file.

**DATED** June 6, 2017.



THOMAS O. RICE
Chief United States District Judge

ORDER OF DISMISSAL WITH PREJUDICE ~ 3